FILED
SCRANTON

JAN 29 2014

PER _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

SCOTT NJOS,
    Petitioner

v.

J.E. THOMAS, Warden,
    Respondent.

CIVIL ACTION NO. 3:13-CV-2816

(Judge Kosik)

## ORDER

AND NOW, this 29TH day of January, 2014, IT APPEARING TO THE COURT THAT:

(1) Petitioner, Scott Njos, a prisoner confined at the United States Penitentiary-Lewisburg, Lewisburg, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on November 18, 2013 (Doc. 1);

(2) In his petition, petitioner challenges his conviction and sentence in the United States District Court for the Northern District of Illinois for bank robbery, interference with commerce, escape and simple assault upon a federal officer and raises several claims arising out of his conviction and sentence;

(3) The action was assigned to Magistrate Judge Karoline Mehalchick for Report and Recommendation;

(4) On December 20, 2013, the Magistrate Judge issued a Report and Recommendation (Doc. 9) wherein she recommended that the case be dismissed without prejudice to the petitioner's right to file a §2255 motion in the sentencing court, subject to the pre-authorization requirements of 28 U.S.C. §2244 and §2255(h);

(5) Specifically, the Magistrate Judge points out that petitioner previously set forth claims raised in the instant petition in several petitions to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, which were denied by the sentencing court. See, United States v. Njos, Case No. 3:07-CR-50036 (N.D. Ill.) Further, the

Magistrate Judge indicates that petitioner's exclusive remedy to pursue the instant claims is not §2241, but §2255, since relief under §2255 would not be an ineffective or inadequate remedy;

(6) On January 6, 2014, petitioner filed a one paragraph Objection to the Report and Recommendation (Doc. 10), wherein he refers back to his original filing and exhibits;

AND, IT FURTHER APPEARING THAT:

(7) When objections are filed to a Report and Recommendation of a Magistrate Judge, we must make a de novo determination of those portions of the Report to which objections are made. 28 U.S.C. §636(b)(1)(C); see Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In doing so, we may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. §636(b)(1); Local Rule 72.3. Although our review is de novo, we are permitted by statute to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper. United States v. Raddatz, 447 U.S. 667, 676 (1980); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984);

(8) After reviewing the Magistrate Judge's Report and Recommendation and the Petitioner's Objection, we find that the Magistrate Judge is correct in concluding that the proper vehicle for raising such claims is a motion pursuant to 28 U.S.C. §2255. However, because petitioner has already unsuccessfully filed several §2255 motions in the United States District Court for the Northern District of Illinois, the Petitioner's recourse to raise such claims lies in the United States Court of Appeals for the Seventh Circuit, wherein Petitioner must seek certification to file a successive motion in the district court. 28 U.S.C. §2255 (h)(1); 28 U.S.C. §2244;

(9) As the Magistrate Judge indicates, in order to obtain relief under §2241, a petitioner must show that the remedy under §2255 would be inadequate or

ineffective. In re Dorsainvil, 119 F. 3d 245 (3d Cir. 1997). Importantly, §2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. See id. at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on §2255 proceedings, render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. Cradle v. United States, 290 F. 3d 536, 539 (3d. Cir. 2002); United States v. Brooks, 230 F. 3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F. 3d at 251.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

(1) The Report and Recommendation of Magistrate Judge Karoline Mehalchick dated December 20, 2013 (Doc. 9) is **ADOPTED**;

(2) The Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED** without prejudice;

(3) The Clerk of Court is directed to **CLOSE** this case and to forward a copy of this Memorandum and Order to the Magistrate Judge; and

(4) Based on the court's conclusions herein, there is no basis for the issuance of a certificate of appealability.

Edwin M. Kosik
United States District Judge